UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CLIFFORD DARDEN,

        Petitioner,

v.                       Case No: 5:14-cv-139-Oc-29PRL

WARDEN, FCC COLEMAN -
MEDIUM,
        Respondent.

_____

<u>**ORDER OF DISMISSAL**</u>

This case is before the Court upon review of Clifford Darden's ("Petitioner's") habeas corpus petition filed pursuant to 28 U.S.C. § 2241 (Doc. 1, filed March 7, 2014). Petitioner is an inmate currently confined at the Federal Correctional Institution in Coleman, Florida. He brings this action to challenge the sentences imposed by the United States District Court for the Middle District of Florida after being convicted of two counts of robbery affecting interstate commerce and two counts of using a firearm during a crime of violence (Doc. 1 at 2); MDFL Case No. 8:07-cr-446-T-27EAJ.[1]

Petitioner raises four claims in the petition. He asserts that: (1) in light of the United States Supreme Court rulings in <u>Castillo v. United States</u>, 530 U.S. 120 (2000) and <u>United States</u>

_____

[1] Citations to the criminal docket in case number 8:07-cr-446-T-27EAJ will be cited as (Cr. Doc. ____). Citations to the docket in Petitioner's 28 U.S.C. § 2255 motion, case number 8:10-cv-1052-JDW-EAJ, will be cited as (Cv. Doc. ___).

v. O'Brien, 560 U.S. 218 (2010), he is actually innocent of being a recidivist offender under 18 U.S.C. § 924(c)(1)(C)(i); (2) his due process rights were violated when he was sentenced in excess of the statutory maximum for his crimes of conviction; (3) the district court erred by failing to run his sentences under 18 U.S.C. § 924(c)(1)(A) concurrently with his remaining sentences; and (4) counsel was ineffective for conceding guilt on one count of the indictment (Doc. 1 at 3-5).

In support of his petition, Petitioner relies on the United States Supreme Court's holdings in Castillo and O'Brien.  In his reply, Petitioner, without explanation, lists the Supreme Court cases of Alleyne v. United States, 133 S. Ct. 2151 (2013), Peugh v. United States, 133 S. Ct. 2072 (2013); McQuiggins v. Perkins, 133 S. Ct. 1924 (2013); and Burrage v. United States, 134 S. Ct. 881 (2014).  Petitioner also references, without citation or explanation, Bryant v. United States, and Mackey v. United States (Doc. 11 at 1).[2]  Petitioner asks this Court to vacate his sentence and order his case back to the district court for further proceedings (Doc. 1 at 38).

---

[2] From the context of Petitioner's references to Bryant and Mackey, the Court will assume that Petitioner intended to reference Bryant v. Warden, FCC Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013)and Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661-62 (11th Cir. 2014).  These Eleventh Circuit cases and their applicability to this Court's jurisdiction to consider Petitioner's claims are discussed in Part II of this Order, infra.

Respondent contends that this Court lacks jurisdiction to address Petitioner's claims because he was not sentenced in excess of the statutory maximum for his crimes (Doc. 6 at 1-2).

After reviewing the pleadings filed in this case, in Petitioner's underlying criminal case, and in Petitioner's 28 U.S.C. § 2255 motion, the Court dismisses the petition as an improper filing under 28 U.S.C. § 2241.

## I.   **Background**

Following a jury trial in July of 2008, Petitioner was convicted of two counts of robbery affecting interstate commerce (counts one and three) and two counts of using a firearm during a crime of violence (counts two and four) (Cr. Doc. 66, 67). Petitioner was sentenced to two years in prison on counts one and three; to seven years in prison on count two (to run consecutively to the sentence in counts one and three); and to twenty-five years in prison on count four (to run consecutively to the terms in counts one, two, and three) (Cr. Doc. 87; Doc. 90). Accordingly, Petitioner received an effective term of 34 years in prison.

Petitioner filed a notice of appeal, and in his brief on appeal, Petitioner challenged the sufficiency of the evidence to support his conviction for obstruction of commerce by robbery and also argued that the district court erred by imposing consecutive terms of imprisonment on Petitioner's firearms counts. United States v. Darden, 343 F. App'x 445 (11th Cir. 2009). Petitioner's

convictions and sentences were affirmed by the Eleventh Circuit Court of Appeals in a written opinion.  Id.

Petitioner subsequently filed a motion pursuant to 28 U.S.C. § 2255 in which he argued, *inter alia*, that counsel was ineffective for conceding Petitioner's guilt on one count of the indictment (Cv. Doc. 1).  The motion was denied (Cv. Doc. 8).  Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed in a written opinion (Cv. Doc. 16); Darden v. United States, 708 F.3d 1225 (11th Cir. 2013).

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on March 7, 2014 (Doc. 1).

**II.  Analysis**

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner raises a claim of ineffective assistance of counsel and three claims of sentencing error.  Ordinarily, an action in which an individual seeks to collaterally attack his conviction or sentence should be filed under 28 U.S.C. § 2255 in the district of conviction.  28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).

Petitioner has already filed a § 2255 motion which was denied by the trial court (Cv. Doc. 1).  Because Petitioner is barred from filing another § 2255 motion, he filed this petition for

habeas corpus relief pursuant to 28 U.S.C. § 2241.  Title 28 U.S.C. § 2255(e) (the "savings clause") expressly limits the circumstances under which a § 2241 petition may be filed.

**A.   Claims raised in a § 2241 petition must satisfy specific requirements before a district court has jurisdiction to review them**

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention***.

28 U.S.C. § 2255(e) (emphasis added).

To show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention[,]" Petitioner must demonstrate the following before he may invoke § 2255(e)'s saving clause: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; and (4)

his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. Bryant v. Warden, FCC Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013) (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661-62 (11th Cir. 2014) (approving the Bryant test factors and concluding that Mackey had satisfied all prongs thereof). This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.").

Applying the Bryant factors to Petitioner's claims, this Court concludes that he has not met the threshold requirements for opening a portal to § 2241 review. Specifically, Petitioner was not foreclosed from raising his claims on direct appeal or in his first § 2255 motion. In addition, Petitioner was not sentenced in excess of the statutory maximum for any of the crimes for which he was convicted.

1.   *Petitioner was not foreclosed from raising his claims on direct appeal or in his first 28 U.S.C. § 2255 motion*

Of significance in this case is that two of Petitioner's claims have already been raised and rejected on the merits by the district court that imposed Petitioner's sentence and by the Eleventh Circuit Court of Appeals.  Petitioner's claim that the district court erroneously failed to order that his firearms convictions run concurrently with his other sentences was raised in Petitioner's direct appeal where it was rejected by the Eleventh Circuit.  United States v. Darden, 343 F. App'x 445 (11th Cir. 2009) ("a term of imprisonment imposed under § 924(c) cannot 'run concurrently with any *other term* of imprisonment, period.'") (quoting United States v. Wright, 33 F.3d 1349 (11th Cir. 1994) (emphasis in original).  Petitioner's claim that his defense counsel was ineffective for conceding guilt on one count of the indictment was raised in his 28 U.S.C. § 2255 motion and rejected by the district court (Cv. Doc. 8).  The rejection was affirmed by the Eleventh Circuit Court of Appeal.  Id. at 16; Darden, 708 at 1225.

As noted by the Eleventh Circuit in Williams v. Warden:

> Congress expressed its clear intent to impose a jurisdictional limitation on a federal court's ability to grant a habeas petitioner what is effectively a third bite at the apple after failing to obtain relief on direct appeal or in his first postconviction proceeding. The savings clause states that a § 2241 habeas petition "*shall not be*

> *entertained* . . . unless it . . . appears that
> the remedy by motion is inadequate or
> ineffective to test the legality of his
> detention." § 2255(e) (emphasis added).
> Based on the text alone, which speaks in
> imperative terms of what class of cases the
> district court has the *power* to hear, not what
> the petitioner himself must allege or prove in
> order to state a claim, we are compelled to
> conclude that the savings clause is a
> limitation on jurisdiction. It commands the
> district court not to "entertain[ ]" a § 2241
> petition that raises a claim ordinarily
> cognizable in the petitioner's first § 2255
> motion except in the exceptional circumstance
> where the petitioner's first motion was
> "inadequate" or "ineffective" to test his
> claim.

713 F.3d at 1338. In the instant case, Petitioner raised essentially identical claims earlier; therefore, he was not "squarely foreclosed" from raising them throughout his sentencing, direct appeal, and his first § 2255 proceeding. Bryant, 738 F.3d at 1274. To proceed under the saving's clause, "[t]he issue is whether the movant had a *procedural* opportunity to raise his § 924(e) claim in an "adequate and effective" fashion. Id. at 1282 (emphasis in original). Section 2255 is not "inadequate or ineffective" simply because a petitioner was unsuccessful when he first applied for relief or because another court later believes the first decision was wrong. Id. at 1289; Williams, 713 F.3d at 1348 n.7.

Petitioner's remaining claims take issue with the United States Supreme Court's decision in Deal v. United States, 508 U.S. 129 (1993), which held that Congress intended that the enhanced

sentences for second and subsequent offenses required by § 924(c)(1)(C)(i) be imposed even if all of the offenses were charged in the same indictment (Doc. 1 at 17-20).[3]  Although not the model of clarity, Petitioner appears to assert in his petition that United States v. O'Brien and Castillo v. United States overturned Deal.  O'Brien involved an interpretation of a different section of § 924(c).[4]  At issue in O'Brien was whether the fact that the firearm used during the crime was a machinegun is an element of the offense that must be proved to the jury or whether it is a sentencing factor for the court.  The Supreme Court held, consistent with its interpretation of an earlier version of § 924(c), that such is an element of the offense. O'Brien, 560 U.S. at 235.

It appears that Petitioner now argues under O'Brien that whether his § 924(c) violation was "second or subsequent" is an element of the offense that the government was required to plead and prove to the jury.  Contrary to Petitioner's assertions,

---

[3] Title 18 U.S.C. § 924(c)(1)(A) provides minimum terms of imprisonment for "any person who, during an in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]"  Section 924(c)(1)(C) provides that "[i]n the case of a **second or subsequent** conviction under this subsection, the person shall be sentenced to a term of imprisonment of not less than 25 years[.]" (emphasis added).

[4] Under 18 U.S.C. § 924(c)(1)(B)(ii), the use of a machinegun in furtherance of a crime carries a 30-year mandatory minimum term in prison.

O'Brien did not overrule _Deal_ or hold that all parts of § 924(c) — and in particular the "second or subsequent" aspect — are elements that must be proven to the jury.   See United States v. Facon, 573 F. App'x 925, 925 (11th Cir. 2014) ("_Deal_ thus bound the district court here to impose the enhanced sentence set forth in § 924(c)(1)(C).   _Deal_ also binds us to affirm sentences like these, unless and until the Supreme Court itself overrules that decision, or Congress revisits § 924(c)(1)(C).") (internal quotations omitted).

Moreover, to the extent such an interpretation could be extrapolated from O'Brien, a finding not made by this Court, O'Brien's holding was not new.   In 2000, the Supreme Court interpreted the pre-1998 version of § 924(c) the same way in Castillo v. United States, 530 U.S. 120 (2000).   Therefore, even if O'Brien stood for the proposition Petitioner urges, that argument has been available to him since 2000.[5]

> 2. _Petitioner was not sentenced in excess of the statutory maximum for his crimes_

In Gilbert v. United States, the Eleventh Circuit defined the "statutory maximum sentence" as the "punishment ceiling beyond which no defendant convicted for committing that particular crime

---

[5] The Court also notes that O'Brien was decided on May 24, 2010, almost four months prior to the district court's denial of Petitioner's § 2255 motion and almost two years before the Eleventh Circuit's affirmance (Cv. Doc. Nos. 8, 17).

may be sentenced regardless of the circumstances of the crime, regardless of the defendant's history, and regardless of the sentencing guidelines." 640 F.3d at 1306.  In Bryant, the Eleventh Circuit recognized that there is a "significant distinction" between a sentence that exceeds the statutory maximum and a sentence that, "although enhanced by application of mandatory sentencing guidelines, remains within the permitted statutory maximum penalty." 738 F.3d at 1284.  The court concluded that statutory maximum sentences "take precedent" over sentences set forth in the sentencing guidelines because they are "more bedrock, fundamental features of sentences."  Id. at 1285.

Petitioner challenges the two-year sentences he received on counts one and three, the seven-year sentence he received on count two and the 25-year sentence he received on count four. Counts one and three were convictions for robbery affecting interstate commerce in violation of 18 U.S.C. § 1951.  Counts two and four were convictions for use of a firearm during the commission of a crime in violation of 18 U.S.C. § 924(c)(1)(A) (Cr. Doc. 90).

The sentence Petitioner received on each of his counts was not in excess of the statutory maximum sentence for his crime. The statutory maximum for a conviction under 18 U.S.C. § 1951 is twenty years in prison.  See 28 U.S.C. § 1951(a); United States v. Quinones-Barcelo, 519 F. App'x 629 (11th Cir. 2013) (recognizing the statutory maximum sentence for a Hobbs Act violation as twenty

years in prison).   A violation of 18 U.S.C. § 924(c)(1)(A)(ii),
carries a mandatory minimum seven-year sentence. 18 U.S.C. §
924(c)(1)(A)(ii).   The statutory maximum sentence for Petitioner's
firearms offenses is life in prison.   United States v. Estrella,
518 F. App'x 822, 827 (11th Cir. 2013) ("All § 924(c) convictions
carry 'a statutory maximum sentence of life imprisonment,
regardless of what subsection the defendant is sentenced under.'")

Because Petitioner did not receive a sentence in excess of
the statutory maximum on any of his counts, he cannot bring this
claim under the savings clause.   See Gilbert, 640 F.3d at 1323
("[T]he savings clause does not authorize a federal prisoner to
bring in a § 2241 petition a claim . . . that the sentencing
guidelines were misapplied in a way that resulted in a longer
sentence not exceeding the statutory maximum."); Bryant, 738 F.3d
at 1288 ("[A]ny challenge to a sentence that is already *below* the
statutory maximum could not open the § 2255(e) portal.") (emphasis
in original).

**B.    Petitioner may not bring this claim under the All Writs
       Act**

Petitioner does not argue that he has satisfied the
requirements for review of this claim under the "saving clause"
provision of 28 U.S.C. § 2255(e) (Doc. 1 at 10-16).   Rather, he
asserts that there has been a "fundamental miscarriage of justice"
and that he is entitled to review of his claims under the All Writs
Act, 28 U.S.C. § 1651(A).   Id. at 8-10.

Petitioner may not use 28 U.S.C. § 1651, the All Writs Act, to circumvent the requirements for filing a second or successive § 2255 motion.  Section 1651 does not establish an independent source of subject matter jurisdiction and is unavailable to obtain an additional review of objections cognizable under 28 U.S.C. § 2255.  See Morales v. Florida Dep't of Corr., 346 F. App'x 539, 541 (11th Cir. 2009) (affirming district court's dismissal of Morales's collateral attack on his conviction, brought pursuant to the All Writs Act, as a successive habeas petition "[b]ecause Morales could not circumvent the statutory requirements for filing a successive § 2254 petition by invoking the All Writs Act[.]"); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (common law writ of audita querela may not be granted when relief is cognizable under § 2255.); Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.  Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.").

Petitioner is not entitled to a review of his petition under 28 U.S.C. § 1651.  Accordingly, he must satisfy the requirements of 28 U.S.C. § 2255(e) before this Court may review his claims.

III. <u>Conclusion</u>

Because Petitioner was not foreclosed from filing his claims earlier and was not sentenced in excess of the statutory maximum for any of his crimes, he cannot bring this claim under the savings clause of 28 U.S.C. § 2255(e).  This Court lacks jurisdiction to consider the petition.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.    The 28 U.S.C. § 2241 (Doc. 1) petition filed by Clifford Darden is **DISMISSED** as an improper filing under § 2241;

2. The **Clerk of Court** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Ocala, Florida on this ___16th___ day of October, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Clifford Darden
Counsel of Record

- 14 -